Charles F. WARRICK and Mabel B. Warrick, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 17681.

United States District Court
E. D. Michigan, S. D.

Oct. 8, 1959.

James P. Mattimoe, Detroit, Mich., for plaintiffs.

Howard A. Heffron, Acting Asst. Atty. Gen., James P. Garland, Lyle M. Turner, Robert H. Kapp, Attys., Dept. of Justice, Washington, D. C., Fred W. Kaess, U. S. Atty., Elmer L. Pfeifle, Jr., Asst. U. S. Atty., Detroit, Mich., for defendant.

LEVIN, District Judge.

This is an action by plaintiffs, Charles F. Warrick and Mabel B. Warrick, his wife, to secure a tax refund for the year 1954. Defendant, United States of America, not only denies plaintiffs' right to a refund but filed a counterclaim based on a deficiency assessment. The counterclaim is not contested by the plaintiffs.

The questions presented are whether plaintiff, Charles F. Warrick, hereinafter referred to as the taxpayer, as the sole proprietor of the Charles F. Warrick Company, made a timely election for the year 1954 to have the company taxed as a

corporation, as permitted by Sec. 1361 of the Internal Revenue Code of 1954 [1] and whether, even if he did not, the Government is estopped to deny him the benefits of this provision because of its failure to issue regulations prior to February 24, 1955, prescribing the manner in which the election was to be made.

On April 15, 1955 plaintiffs filed a joint individual income tax return for the taxable year ending December 31, 1954. The income of the Charles F. Warrick Company, a sole proprietorship, was included in this return. In May of 1956 plaintiffs filed an amended joint individual income tax return for the year 1954 from which they excluded the income of the Charles F. Warrick Company and filed a ·corporate return for the company, and also a claim for refund. The refund claim is based upon the tax savings which would have been achieved by treating the Charles F. Warrick Company as a corporation for tax purposes.

Sec. 1361 permits taxpayers who are sole proprietors of a business enterprise and who otherwise meet its requirements to elect, in. accordance with regulations prescribed by the Secretary or his delegate, to have the sole proprietorship taxed as a corporation. The election was to be made "not later than 60 days after the close of any taxable year of a proprietorship * * *." Since the taxable year of the Charles F. Warrick Company ended December 31, 1954, the election

with respect to the Charles F. Warrick Company was required to be made by March 1, 1955.

On February 24, 1955 taxpayer wrote a letter to the District Director of Internal Revenue. The letter reads as follows:

"Under the 1954 Code Section 1361, an unincorporated business can elect to be taxed as a domestic corporation. The election must be made within 60 days after the close of any taxable year and in accordance with prescribed regulations.

"This business is operated as a sole proprietorship and can qualify. It would appear desirable taxwise to make such election. However, regulations have not been issued and the period within which the election must be made ends March 1st.

"We respectfully request that a reasonable extension of time be granted for filing final tax return. In the meantime, the estimated tax payments on 1954 income have been made by the proprietor, Charles F. Warrick, so that the bulk of the tax liability has been taken care of."

It is the taxpayer's contention that this letter constituted an election to have the Charles F. Warrick Company taxed as a corporation for the year 1954. I do not so construe his letter. His testimony with respect to the letter lends no support to his position. He stated that:

1. The pertinent provisions of Sec. 1361 are as follows:

"§ 1361. Unincorporated business enterprises electing to be taxed as domestic corporations.

"(a) General rule—Subject to the qualifications in subsection (b), an election may be made, in accordance with regulations prescribed by the Secretary or his delegate, not later than 60 days after the close of any taxable year of a proprietorship or partnership owning an unincorporated business enterprise, by the proprietor or all the partners, owning an interest in such enterprise at any time on or after the first day of the first taxable year to which the election applies or of the year described in subsec-

tion (f), to be subject to the taxes described in subsection (h) as a domestic corporation for such year and subsequent years.

\* \* \* \* \*

"(e) Election irrevocable—Except as provided in subsection (f), the election described in subsection (a) shall be irrevocable—

"(1) with respect to an enterprise as to which such election has been made and the proprietor or partners of such enterprise; and

"(2) any unincorporated successor to the business of such enterprise and the proprietor or partners of such successor." 26 U.S.C.A. § 1361.

"This was a letter that Mr. Fouser, my associate, wrote, asking for an extension of time due to the fact that we were unable to get any information on the act and were advised that there were pitfalls in it, and knowing it was irrevocable, we hesitated in making an election.

\*   \*   \*   \*   \*   \*

"I was seeking information. I knew we had to file to make the election, but the thing that disturbed me was the fact there were pitfalls about which we had no knowledge, and being irrevocable, I was hesitant in making that election."

██ Nor do I find any basis for an estoppel. On February 24, 1955, the same day that the taxpayer wrote his letter to the District Director, there was issued Treasury Decision 6124, 1955–1 Cum.Bull. 719, prescribing the manner of making the election under Sec. 1361.[2]

2. "T.D. 6124, 1955–1 Cum.Bull. 719:

"Title 26 — Internal Revenue

"Temporary rules relating to unincorporated business enterprises electing to be taxed as domestic corporations under section 1361 of the Internal Revenue Code of 1954.

Treasury Department,
Office of Commissioner of Internal Revenue,
Washington 25, D.C.

*To Officers and Employees of the Internal Revenue Service and Others Concerned:*

"In order to prescribe temporary rules with respect to unincorporated business enterprises electing to be taxed as domestic corporations, Treasury Decision 6118 [I.R.B. 1955–3, 90], approved December 30, 1954, is hereby amended by adding at the end thereof the following paragraph:

"Par. 23. Unincorporated Business Enterprises Electing to be Taxed As Domestic Corporations.—(a) *In general.*—Section 1361 permits certain unincorporated business enterprises to elect to be taxed as domestic corporations. If the qualifications stated in section 1361 (b) are met, and if a proper election is filed in accordance with the provisions of this paragraph, then an unincorporated business enterprise with respect to which such an election is filed shall be treated for income tax purposes as a domestic corporation under the provisions of section 1361. The election may be made only with respect to taxable years of the partnership, or the proprietor, beginning after December 31, 1953, and ending after August 16, 1954.

"(b) *Manner of making election.*—(1) The election shall be made by filing a statement that the partners or the proprietor, as the case may be, elects under section 1361(a) to have the enterprise treated as a corporation, and by filing the return or amended return required by subparagraph (3) within the time prescribed by that subparagraph. The election is void unless perfected by the filing of such return or amended return.

"(2) The statement shall be filed during the first 60 days after the close of the first taxable year of the partnership or proprietor to which the election is applicable. The statement shall give sufficient information to establish that the enterprise meets the qualifications set forth in section 1361(b). It shall also contain an agreement to notify the district director with whom the statement is filed if the interest of the electing proprietor or partners in the capital and profits of the enterprise becomes 80 percent or less, or if the enterprise becomes a corporation. The statement shall be signed by the proprietor or all of the partners owning an interest in the enterprise at any time during the period beginning with the first day of the first taxable year to which the election applies and ending on the day the election is filed. For example, a partner or proprietor having an interest at any time during the first taxable year with respect to which the election applies is required to sign the statement even though he holds no interest at the end of such year or at the time of the election. A partner or proprietor who acquires his interest after the end of the first taxable year to which the election applies but prior to the date of the election is also required to consent to the election by signing the statement even though he holds no interest at any time during the first year to which the election is applicable.

"(3) If a statement of election is timely filed, the election must be perfected by filing for such enterprise an income tax return on Form 1120 containing a statement that such return has been prepared in compliance with the regulations under section 1361. If the last day prescribed for filing the return for such enterprise (including any extension of time for such filing) falls before the last day of

The Treasury Decision did not require that taxpayer make an irrevocable election by March 1, 1955. It merely required taxpayer to file a statement of election by March 1, 1955. If he did so he would have had the additional time provided for by Par. 23(b) (3) within which to decide whether to perfect his election. Though the period between the time the Treasury Decision was issued and the date by which the statement of election was required to be filed was short, taxpayer had sufficient time to file the simple statement that was required.

Moreover, not only did he not file a statement of election by March 1, 1955 but he did not do so when he filed his income tax return on April 15, 1955. It was not until May 10, 1956, more than a year after the Treasury Decision was issued, that he manifested an intent to elect. Even if it be assumed that the Treasury Decision was not timely issued, this delay did not permit the taxpayer to make the election at his own convenience. It was still incumbent upon him to evidence an intent to elect within a reasonable time after the issuance of the Treasury Decision. This he did not do.

■ It is also contended by taxpayer that the failure of the agents of the Bureau of Internal Revenue to give him the information he sought by personal inquiries excused him from making a timely election. An estoppel cannot be predicated on the failure of the agents of the Bureau of Internal Revenue to advise him with respect to the advantage to him of electing corporate as opposed to individual taxation. The desirability of making the election depended upon an evaluation of complex questions of substantive tax law. It was for the taxpayer and not the agents of the Bureau to make this choice.

An order will be entered dismissing the complaint and a judgment will be entered for the Government on its counterclaim.

the third month following the month in which the regulations under section 1361 are published in the Federal Register, the election shall be perfected by filing an amended return containing a similar statement, rather than a return, on or before the last day of such third month.

"(4) The required statement and the income tax return (and any amended return) shall be filed with the district director of internal revenue with whom the enterprise would be required to file its return if it were a domestic corporation. See section 6091(b) (2). [26 U.S.C.A. § 6091(b) (2)].

"(5) An election made in compliance with this paragraph shall be irrevocable as provided in section 1361(e) and shall apply to the taxable year for which made and to all subsequent taxable years.

\*  \*  \*  \*  \*

"Because the election provided in section 1361 must be exercised within 60 days after the close of the taxable year of the enterprise, it is found impracticable to issue this Treasury Decision with notice and public procedure thereon under section 4(a) of the Administrative Procedure Act, approved June 11, 1946 [5 U.S.C.A. § 1004], or subject to the effective date limitation of section 4(c) of that Act.

"(This Treasury Decision is issued under the authority contained in sections 1361, 6081, and 7805 of the Internal Revenue Code of 1954 (68A Stat. 350, 751, 917; 26 U.S.C. 1361, 6081, 7805).)"